UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
THE MAZZA CONSULTING GROUP, INC.,

                    Plaintiff,                  Docket No.

-against-                                   COMPLAINT

CANAM STEEL CORPORATION and
EASTERN BRIDGE, LLC,                     **07 CIV. 9743**

                    Defendant.                   **JUDGE ROBINSON**
-----------------------------------------------------------X

        Plaintiff, The Mazza Consulting Group, Inc., by its attorneys, The DeIorio Law Firm, LLP, complaining of Defendants, upon information and belief, respectfully allege:

### NATURE OF ACTION

        1.      This action is brought by Plaintiff, The Mazza Consulting Group, Inc., against Defendants, Canam Steel Corporation and Eastern Bridge, LLC, for its wrongful conduct which has delayed, and continues to delay, a public works construction project, located at the Whitestone Expressway, Queens, New York. The Complaint asserts causes of action for breach of contract, breach of the implied duty of good faith and fair dealing, unjust enrichment, quantum meruit, account stated, and tortious interference with contract.

### JURISDICTION AND VENUE

        2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), by reason of diversity of citizenship of the parties and the fact that the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

        3.      Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391 (a)(2) since a substantial part of the

events or omissions giving rise to the claim occurred in the Southern District of New York.

## PARTIES

4. That at all times relevant and hereinafter mentioned, Plaintiff, The Mazza Consulting Group, Inc., (hereinafter referred to as "Mazza") was and is a domestic corporation incorporated under the laws of the State of New York, with an office located at 880 Canal Street, Stamford, Connecticut.

5. That at all times relevant and hereinafter mentioned, Defendant, Canam Steel Corporation, (hereinafter referred to as "Canam") was and still is a foreign corporation, incorporated under the laws of the State of Delaware, with its principal place of business located at 4010 Clay Street, Point of Rocks, Maryland.

6. That at all times relevant and hereinafter mentioned, Defendant, Eastern Bridge, LLC, (hereinafter referred to as "Eastern"), was and still is a foreign corporation incorporated under the laws of the State of New Hampshire, with its principal place of business located at 386 River Road, Claremont, New Hampshire.

7. That at all times relevant and hereinafter mentioned the defendants are jointly and severally related, affiliated and interrelated entities and individually, jointly and severally referred to as "Defendants" as responsible to Plaintiff in the Causes of Action herein pleaded.

## AS AND FOR A FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

8. Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "7" of the Complaint, with the same force and effect as if fully set forth at length herein.

9. Mazza Consulting Group, Inc., a consortium of experts, who assist owners, general contractors, developers, architects and engineers, in coordinating and expediting, the performance and completion, of significant public and private commercial construction projects located, in the New York, New Jersey and Connecticut. Peter J. Mazza, P.E., owner of Mazza, is a construction claims expert and consultant, and a certified American Arbitration Association Arbitrator on the panel of neutrals.

10. Eastern and Canam manufacture, produce, fabricate and deliver steel and related steel products, for various construction projects.

11. On or about January 30, 2006, Eastern retained Mazza, to provide its expertise, in gathering information and data, for the preparation of a payment claim for the Whitestone Expressway project. Mazza was also retained, under the agreement, to provide its expertise and guidance in negotiations and collections concerning said project.

12. Eastern agreed to pay Mazza, on an hourly basis for work performed, by its experts, in preparation of the payment claim. Furthermore, Eastern agreed, that in addition to its obligation to pay Mazza for certain services, on an hourly basis, that Eastern would pay Mazza, a 10 % success fee of any and all claim items, finally accepted, and paid as they appeared in the Mazza prepared report or claim book.

13. Mazza provided the agreed work, labor and services to Eastern for the Whitestone Expressway project pursuant to the terms of the January 30, 2006 written agreement.

14. Despite due demand, Eastern has failed, refused and neglected to pay Mazza the outstanding balance in the January 30, 2006 contract, in the sum of $238,588.00 plus statutory interest.

15. By reason of the foregoing conduct, and based upon Defendants corporate structure, as jointly related, affiliated and interrelated entities, Defendants are in material breach of the aforesaid agreement, and Mazza has been damaged in the sum of $238,588.00 plus statutory interest.

## AS AND FOR A SECOND CAUSE OF ACTION
## QUANTUM MERUIT

16. Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "15" of the Complaint with the same force and effect as if fully set forth at length herein.

17. Mazza provided work, labor and services to Eastern for the Whitestone Expressway Project at the fair and reasonable value of $295,503.00.

18. Despite due demand, Eastern has failed to pay Mazza the outstanding balance of $238,588.00 for the work, labor and services provided.

19. By reason of the foregoing conduct, and based upon Defendants corporate structure, as jointly related, affiliated and interrelated entities, Defendants are jointly liable to Mazza, for the sum of $238,588.00 plus statutory interest.

## AS AND FOR A THIRD CAUSE OF ACTION
## ACCOUNT STATED

20. Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "19" of the Complaint with the same force and effect as if fully set forth at length herein.

21. Mazza rendered to Eastern full and true accounts of the indebtedness owed by Eastern to Mazza for the Whitestone Expressway Project in the sum of $238,588.00.

22. Eastern retained the statements from Mazza without making any objections to the statements or to any items contained in them.

23. By reason of the foregoing conduct, and based upon Defendants corporate structure, as jointly related, affiliated and interrelated entities, Defendants are jointly liable to Mazza, for the sum of $238,588.00 plus statutory interest.

## AS AND FOR A FOURTH CAUSE OF ACTION
### UNJUST ENRICHMENT

24. Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "23 of the Complaint with the same force and effect as if fully set forth at length herein.

25. As a result of Eastern's failure and refusal to pay the sums due, pursuant to the January 30, 2006 agreement, and based upon Defendants corporate structure, as jointly related, affiliated and interrelated entities, Defendants have been unjustly enriched and are jointly liable to Mazza, for the sum of $238,588.00 plus statutory interest.

## AS AND FOR A FIFTH CAUSE OF ACTION
### ATTORNEYS FEES

26. Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "25" of the Complaint with the same force and effect as if fully set forth at length herein.

27. Pursuant to the written agreement dated January 30, 2006, Eastern agreed to pay Mazza all costs of collection, including reasonable attorney's fees, if it became necessary for Mazza to collect from Eastern for any service provided or cost incurred under the agreement.

28. Based upon Eastern's failure to make payment pursuant the written agreement dated January 30, 2006, and based upon Defendants corporate structure, as jointly related, affiliated and interrelated entities, Mazza is entitled to all attorney's fees, costs and expenses of the collection of the outstanding sum for the work, services and labor provided.

### AS AND FOR A SIXTH CAUSE OF ACTION
### BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

29. Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "28" of the Complaint with the same force and effect as if fully set forth at length herein.

30. Mazza entered into the January 30, 2006 agreement with Eastern in and by which Mazza agreed to prepare a payment claim for the subject project, project management, negotiation and collections.

31. Eastern owed Mazza a duty of good faith and fair dealing concerning the observance of the contemplated terms and conditions of said agreement and the custom and practice between the parties relative to same.

32. Eastern was required and expected to exercise the utmost good faith and loyalty in the performance of its duties, in compliance with said agreement.

33. In violation of Eastern's duty of good faith and fair dealing, Eastern failed to make payments, in accordance with the written agreement dated January 30, 2006.

34. Based upon the foregoing conduct, and based upon Defendants corporate structure, as jointly related, affiliated and interrelated entities, Defendants are jointly liable to Mazza, who has been damaged and is entitled to the sum of $238,588.00 plus statutory interest.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### BREACH OF CONTRACT

35. Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "34" of the Complaint with the same force and effect as if fully set forth at length herein.

36. Based upon Defendants delay, in the performance of the aforesaid Whitestone Expressway public works construction project, Mazza was retained by Defendants, under a second agreement, hereinafter referred to as the "Completion Agreement" dated May 15, 2007, to act as an intermediary to, utilize its expertise to coordinate and expedite steel deliveries, and distribute payment for the delivery of said steel.

37. As a result of the foregoing, a Completion Agreement was executed, in which, Eastern agreed to make delivery of steel and related steel products, in accordance with a Schedule of Delivery and Payment, and Mazza would receive an Acceleration Fee upon Eastern's timely delivery of steel

38. Eastern failed to deliver the steel and related steel products, in accordance with the agreed upon delivery dates, July 23, 2007, and September 24, 2007. As a direct result of Eastern's conduct, Mazza will not receive the agreed upon acceleration payments which total $236,000.00.

39. Mazza provided all of the agreed labor and services under the Completion Agreement with Eastern, in connection with the Whitestone Expressway construction.

40. Despite due demand under the agreement, Mazza has not been paid the acceleration payments, as a result of the material breach of Eastern's agreement to deliver steel, and by reason of such breach, and based upon Defendants corporate structure, as

jointly related, affiliated and interrelated entities, Defendants are jointly liable to Mazza, who has been damaged in the sum of $236,000.00 plus interest from September 24, 2007.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
### BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

41.     Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "40" of the Complaint with the same force and effect as if fully set forth at length herein.

42.     Eastern agreed to deliver steel in accordance with a Completion Agreement and Schedule of Delivery and Payment.

43.     Eastern was required and expected to exercise the utmost good faith and loyalty in the performance of its duties, in compliance with said agreement.

44.     In violation of Eastern's duty of good faith and fair dealing, Eastern slowed, ceased, terminated and therefore delayed, the production of steel and related steel products in breach of the agreed upon Schedule of Delivery and Payment.

45.     Despite the unequivocal terms and conditions of the Completion Agreement, Eastern commenced production on an unrelated Canadian project, in order to expedite the sale of its business to Canam.

46.     Based upon Eastern's breach of the duty of good faith and fair dealing, and based upon Defendants corporate structure, as jointly related, affiliated and interrelated entities, Defendants are jointly liable to Mazza, who has been damaged in the sum of $236,000.00 plus interest from September 24, 2007.

## AS AND FOR A NINTH CAUSE OF ACTION
## TORTIOUS INTERFERENCE WITH CONTRACT

47. Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "46" of the Complaint with the same force and effect as if fully set forth at length herein.

48. As of May 15, 2007, Eastern was bound by the terms and conditions of the aforesaid Completion Agreement and the schedule of delivery of steel and related steel products contained therein.

49. Defendants were engaged in negotiations, concerning the purchase of Eastern to Canam, during the performance of the Completion Agreement. Defendants concealed this information from Plaintiff

50. During its due diligence and negotiations with Eastern, Canam had knowledge of the terms and conditions of the Completion Agreement.

51. Canam intentionally instituted a process, including but not limited to, the purchase of Eastern, and the diversion of work to the Canadian Steel project. Therefore, essential labor and equipment, was eliminated and removed, from the Whitestone Expressway project, during a critical period of the construction, which stopped fabrication and delivery of the steel and related steel products to said project.

52. As a result of Canam's conduct, Eastern did not produce and deliver the steel in accordance with the Completion Agreement and the Schedule of Delivery.

53. As a result of Canam's conduct, and based upon Defendants corporate structure, as jointly related, affiliated and interrelated entities, Defendants are jointly liable to Mazza, who has been damaged in the sum of $236,000.00 plus interest from September 24, 2007.

**W H E R E F O R E**, Plaintiff respectfully demands judgment herein against Defendants as follows:

    a.    On the First Cause of Action; $238,588.00 plus statutory interest;

    b.    On the Second Cause of Action; $238,588.00 plus statutory interest;

    c.    On the Third Cause of Action; $238,588.00 plus statutory interest;

    d.    On the Fourth Cause of Action; $238,588.00 plus statutory interest;

    e.    On the Fifth Cause of Action; reasonable attorneys fees, costs and expenses;

    f.    On the Sixth Cause of Action; $238,588.00 plus statutory interest;

    g.    On the Seventh Cause of Action; $236,000.00 plus statutory interest;

    h.    On the Eighth Cause of Action; $236,000.00 plus statutory interest;

    i.    On the Ninth Cause of Action; $236,000.00 plus statutory interest;

    j.    That Plaintiff also have judgment for reasonable expenses, including, but not limited to, attorneys fees and all expenses incurred in the prosecution of this action;

    k.    All together with interest thereon and the costs and disbursements of this action and such other and further relief as this Court may deem just and proper.

Dated: Rye Brook New York
       November 1, 2007

Yours, etc.

THE DeIORIO LAW FIRM LLP
By: _____
    Howard B. Cohen, Esq. (5623)
    *Attorneys for Plaintiff*
    800 Westchester Avenue Suite 608-S
    Rye Brook, New York 10573
    (914) 696-5555

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                           Docket No.:

-------------------------------------------------------------X
THE MAZZA CONSULTING GROUP, INC.,

                              Plaintiff,

-against-

CANAM STEEL CORPORATION and
EASTERN BRIDGE, LLC,

                             Defendant.
-------------------------------------------------------------X

## COMPLAINT

### THE DeIORIO LAW FIRM, LLP

*Attorneys for Plaintiff*

800 Westchester Ave., Suite s-608
Rye Brook, New York 10573
(914) 696-5555
(914) 696-0450 FAX